## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**STEVEN TODD STEVERSON,**

**Plaintiff**

**v.**                                         **Case No. 1:11-cv–792-HJW**

**FEDERAL RESERVE BANK OF
CLEVELAND,**

**Defendant**

## ORDER

This matter is before the Court upon the "Motion to Dismiss" (doc. no. 4) by the defendant, Federal Reserve Bank of Cleveland ("Federal Reserve").  Plaintiff opposes the motion.  Also pending is the plaintiff's "Motion to Amend Complaint" (doc. no. 9), which defendant opposes on grounds of futility.  Having fully considered the record, including the pleadings, the parties' briefs, and relevant authority, the Court will <u>grant</u> the plaintiff's motion for leave to file the amended complaint insofar as it contains a third claim under federal law, but will <u>dismiss</u> the pre-empted state law claims reasserted in the amended complaint, for the following reasons:

## I.  Background and Factual Allegations

On September 30, 2011, plaintiff filed a two-count complaint (doc. no. 2) in the Court of Common Pleas for Hamilton County, Ohio.  Plaintiff alleged race discrimination in promotion and retaliation, under Ohio R.C. § 4112, arising out of his employment and termination for insubordination from the Cincinnati branch of

the Federal Reserve Bank of Cleveland.

Defendant removed the action to federal court pursuant to 12 U.S.C. § 632 (the "Edge Act"), which grants federal jurisdiction over civil actions in which a Federal Reserve Bank is a defendant.  Id. (providing that "all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States . . . and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district . . .").

In his complaint, plaintiff indicates he was hired by the Federal Reserve on February 17, 2004 as a Federal Reserve Law Enforcement Officer ("FRLEO") (doc. no. 2,  ¶¶ 6-7).  Plaintiff alleges that he had positive performance reviews and an excellent attendance record (¶¶ 8-9).  He  applied for several promotions between February 17, 2004 and July 14, 2009, including promotion to a position as a Lead Protection Officer ( ¶¶ 14-15).  Plaintiff, who is African-American, was not promoted to the positions he sought (¶¶ 5, 19).  He alleges that the manager of the Protection Department only promoted Caucasian FRLEOs to supervisory positions (¶¶ 10, 12). Plaintiff alleges that Diana Starks, an EEO investigator for defendant, did not follow up with him about his internal complaints about alleged prejudice and the failure to promote (¶ 23).

Plaintiff filed a charge of discrimination with the EEOC on December 2, 2009, but alleges he was never contacted (¶ 24, 27).  He alleges that his employer refused

to give him a raise (¶ 28).  Plaintiff indicates that in 2010, his supervisor "requested all FRLEO employees to undergo a FEMA course" (¶ 29).  Plaintiff indicates he refused to complete the FEMA course and was subsequently terminated for insubordination on June 10, 2010 (¶ 31).

In Count One of his complaint, plaintiff asserts a claim for "retaliation" pursuant to Ohio R.C. § 4122 on the grounds that his employer allegedly refused to give him a raise, treated him differently than his coworkers, and terminated his employment (doc. no. 1 at ¶¶ 33-37).  In Count Two, he asserts a claim of race "discrimination" pursuant to § 4122 on the grounds that his employer treated him differently than his Caucasian coworkers, promoted less qualified Caucasians instead of him, and terminated his employment on account of his race (¶¶ 38-43).

On November 15, 2011, the Federal Reserve filed a "Motion to Dismiss" (doc. no. 4) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), based on federal preemption of plaintiff's state law claims.  Plaintiff opposes the motion (doc. no. 8), but has also moved to amend his complaint (doc. no. 9).  The proposed amended complaint reasserts the two state claims verbatim, except for omission of the reference to his termination as a basis for each claim (doc. no. 9-1, ¶¶ 36, 42). The proposed amended complaint also adds a third count for alleged violation of 42 U.S.C. § 1981 based on the same facts, including the failure to promote and his termination (¶¶ 45-52). The parties filed additional responsive briefs, and these matters are ripe for consideration.

## II.  Issues Presented

The main issues before the Court are 1) whether plaintiff's state law claims are subject to dismissal because they are pre-empted by federal law; and 2) whether leave to amend the complaint should be denied because plaintiff's proposed "Amended Complaint" is futile (or stated differently, whether leave to amend should be granted because the proposed amended complaint contains a third claim under federal law).

### III.  Standard of Review

Defendant recites that dismissal under either Rule 12(b)(1) or Rule 12(b)(6) is appropriate in this case (doc. no. 4-1 at 2).  Rule 12(b)(1) concerns subject-matter jurisdiction, which defines a court's power to adjudicate. See <u>Brentwood at Hobart v. N.L.R.B.</u>, --- F.3d ----, 2012 WL 1071714 (6th Cir. 2012) (noting the United States Supreme Court's recent efforts to bring "discipline to the use of the term 'jurisdictional' and citing <u>Gonzalez v. Thaler</u>, 565 U.S. ——, 132 S.Ct. 641, 648, (2012)).  Title 12 U.S.C. § 632 provides that "all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits."  Hence, this Court is empowered to hear this case and Rule 12(b)(1) does not apply.

Defendant also moves pursuant to Rule 12(b)(6).  Motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted test the sufficiency of a complaint, and the first step is to identify any conclusory allegations. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009).  To survive a motion to dismiss, "a

-4-

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Id.</u> at 1949 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is not bound to accept as true a legal conclusion couched as a factual allegation." <u>Bell Atlantic</u>, 550 U.S. at 555.

## IV.  Analysis

### A.  The Motion to Dismiss

The Federal Reserve Act ("FRA"), at 12 U.S.C. § 341, Fifth, provides the Federal Reserve with the discretion required to carry out its essential functions and duties, including hiring, assigning duties, promoting, and dismissing employees. The FRA specifically empowers each of the twelve Federal Reserve Banks "[t]o appoint . . . such officers and employees as are not otherwise provided for in this chapter, to define their duties, . . . and to dismiss at pleasure such officers or employees." (<u>Id.</u>).  The Federal Reserve asserts that plaintiff's state law employment claims against it must be dismissed on pre-emption grounds.

Plaintiff concedes (see doc. no. 9 at 1) that any state law claims based on his termination are federally preempted by the FRA, at 12 U.S.C. § 341, Fifth, (providing that  "a Federal Reserve bank shall have the power…to dismiss at pleasure such officers or employees"). See, e.g., <u>Fasano v. Fed. Reserve Bank of New York</u>, 457

F.3d 274, 285-87 (3d Cir. 2006) (dismissing plaintiff's complaint, including her retaliation claim, "due to the preemption of her state law claims by the Federal Reserve Act'), *cert. denied*, 127 S.Ct. 977 (2007); Bollow v. Fed. Reserve Bank of San Francisco, 650 F.2d 1093, 1098 (9th Cir. 1981) (holding that district court properly refused to apply state law to plaintiff's termination and that the FRA "must control"), *cert. denied*, 455 U.S. 948 (1982). Plaintiff acknowledges that the "original congressional intent behind the at-pleasure provision of the Bank Acts was to ensure the financial stability of the banking institutions by affording them the means to discharge employees who were felt to compromise an institution's integrity" (doc. no. 8 at 4, citing James v. Federal Reserve Bank of New York, 471 F. Supp. 2d 226, 233 (E.D. N.Y. 2007)).[1]

Plaintiff suggests that only a cause of action based on termination is preempted and relies on the "dismiss at pleasure" language of the FRA in making such assertion. Plaintiff urges that his discrimination and retaliation claims under state law are, at least in part, also based on allegations unrelated to termination, e.g. failure to promote and refusal to give him a raise (doc. no. 8 at 5). Plaintiff argues that these state claims are therefore not entirely preempted by the FRA.

Defendant argues that the plaintiff cannot separate his interrelated state law claims of discrimination and retaliation against the Federal Reserve. Defendant asserts that "the language of the Act and policy behind it preempt all state

---

[1]The James case cited Kroske v. U.S. Bank Corp., 432 F.3d 976, 984 (9th Cir. 2006) (quoting Sharon A. Kahn & Brian McCarthy, At-Will Employment in the Banking Industry: Ripe for a Change, 17 Hofstra Lab. & Emp. L.J. 195, 215 (1999)).

employment claims regardless of whether the alleged misconduct arises from termination, retaliation, or non-promotion" (doc. no. 13 at 5) (underlining added). The Sixth Circuit has recognized that allowing state employment claims against the Federal Reserve, arising out of any allegedly wrongful conduct, would undermine Congressional intent. See Arrow v. Fed. Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2003) (affirming dismissal pursuant to Rule 12(b)(6) of plaintiff's state-law claims of discrimination and retaliation because they were preempted by the FRA); Ana Leon T. v. Federal Reserve Bank of Chicago, 823 F.2d 928, 931 (6th Cir. 1987) (explaining that the FRA preempts claims based on employment rights created by state law), cert. denied, 484 U.S. 945 (1987), r'hrg. denied, 484 U.S. 1083 (1988); and see, e.g., Kispert v. Fed. Home Loan Bank of Cincinnati, 778 F.Supp. 950, 953 (S.D.Ohio 1991) (relying on Ana Leon T. in concluding that "all of Ms. Kispert's state [employment discrimination] claims are preempted by federal law").

Defendant points out that the language of the FRA's statutory enumeration of powers is broader than plaintiff suggests and that the FRA pre-empts more than just state law claims regarding termination of employment. Defendant points out that other aspects of plaintiff's employment relationship are covered by, and thus preempted by, the statutory language of the FRA. Defendant aptly points out that "subjecting Federal Reserve Banks to the numerous different state and local employment laws would undermine the Congressional intent evinced in the Act, especially the Banks' right to appoint or promote, define duties, and dismiss employees" (doc. no. 13 at 8). Defendant points out that the doctrine of preemption

is grounded in the Supremacy Clause of the United States Constitution, which provides that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land." U.S. Const. Art. VI, cl. 2; see also, Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516 (1992) ("[t]he purpose of Congress is the ultimate touchstone of pre-emption analysis").

Defendant points to sound policy reasons why state law employment claims are subject to pre-emption by the FRA. Defendant explains that "both the liability and the risks Federal Reserve Banks would face in their day-to-day employment decisions, could vary tremendously" and that this would require Federal Reserve Banks across the country "to conform their conduct . . . to the differing requirements of the laws of each state and city in which they operate," rather than the uniform standards set by federal anti-discrimination law (doc. no. 13 at 11). In sum, the language of the FRA, binding precedent in the Sixth Circuit, and sound policy considerations all militate in favor of dismissal of plaintiff's pre-empted state law claims brought under Ohio Rev.C. § 4112.

## B. Plaintiff's Motion to File an Amended Complaint

Next, plaintiff requests leave to file an amended complaint and has tendered the proposed pleading (doc. no. 9-1). Review of the proposed amended complaint reflects that it reasserts the same two claims under Ohio law, with the references to "termination" omitted (doc. no. 9-1, ¶¶ 36, 42). For the reasons already discussed, these claims are pre-empted by the FRA and are subject to dismissal. Defendant correctly points out that refiling pre-empted claims would be futile. Counts One and

Two of the proposed amended complaint are pre-empted and fail to state a claim for relief under Rule 12(b)(6).

While a court should freely give leave when justice so requires, "the right to amend is not absolute or automatic." Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 551 (6th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). Leave should be denied "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995); see also, Foman v. Davis, 371 U.S. 178, 182 (1962)); LRL Properties v. Portage Metro Housing Authority, 55 F.3d 1097, 1104 (6th Cir. 1995) (affirming denial of motion for leave to amend complaint where deficiencies in original complaint were not cured by allegations in amended complaint).  To the extent his proposed amended complaint merely reasserts preempted state claims, plaintiff has not cured the deficiencies in his original complaint.  Allowing the refiling of preempted claims would be futile and a waste of judicial resources.

This, however, does not conclude the analysis.  Review of the proposed amended complaint reflects that it includes a third claim under federal law. Specifically, Count Three of the proposed amended complaint asserts a race discrimination claim under 42 U.S.C. § 1981, which guarantees equal rights under the law.  The defendant's motion does not mention or discuss the fact that plaintiff's proposed amended complaint contains this third claim under federal law.  In other words, the defendant's futility argument only concerns two of the three claims in the proposed amended complaint.

Section 1981 provides that: [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ." 42 U.S.C. § 1981(a).  The Federal Reserve is subject to federal anti-discrimination laws, including section 1981.  See, e.g., <u>Cooper v. Federal Reserve Bank of Richmond</u>, 467 U.S. 867, 868 (1984) (considering race discrimination claims under § 1981 and determining that employer did not engage in a general pattern or practice of racial discrimination against certified class of employees); <u>Harding v. Fed. Reserve Bank of New York</u>, 707 F.2d 46, 51-52 (2d Cir. 1983) (observing, in a failure-to-promote case under Title VII, that the FRA does not preempt federal law prohibiting discrimination in employment); <u>Fasano</u>, 457 F.3d at 285 (observing that Federal Reserve Banks are subject to the ADA). Defendant does not explain why the amended complaint would be futile with respect to this proposed third claim under federal law.

In his proposed "Count Three" (the § 1981 claim), plaintiff alleges that he was "subjected to unlawful discrimination by Defendant when it treated him differently than his Caucasian coworkers, promoted less qualified Caucasians instead of him and terminated his employment on account of his race" (doc. no. 9-1, ¶ 47).  Section 1981 claims are generally analyzed under the same standard as Title VII claims. <u>White v. Baxter Healthcare Corp.</u>, 533 F.3d 381, 391 (6th Cir. 2008), *cert. denied*, 129 S.Ct. 2380 (2009);  <u>Thompson v. City of Lansing</u>, 410 Fed. Appx. 922, 934 (6th Cir.

-10-

2011) ("claims of racial discrimination brought under § 1981 . . . are analyzed under the same standards as Title VII . . . claims").[2]

Plaintiff's amended complaint alleges that 1) he is a member of a protected class; 2) he applied for and was qualified for a promotion; 3) he was denied the promotion; and 4) other FRLEOS who were not a member of the protected class received the promotions.  See Nguyen v. City of Cleveland, 229 F.3d 559, 562–63 (6th Cir. 2000) (discussing requirements of a disparate-treatment claim in the context of "failure to promote");  White v. Columbus Metro. Hous. Auth., 429 F.3d 232, 242 (6th Cir. 2005) (same).  For purposes of  considering leave to amend, the alleged facts in the proposed amended complaint appear sufficient to state a disparate treatment claim under a "failure to promote" theory.  Given that leave to amend is "freely given" under Rule 15, the allegations of the proposed amended complaint suggest that the filing of a § 1981 claim should not be precluded as "futile" at this preliminary stage.

One last procedural point bears mentioning. An amended complaint supercedes the prior pleading, and any motions pertaining to the initial complaint are generally rendered moot.  Here, the plaintiff has reasserted state claims that are pre-empted, and the parties have fully briefed the relevant issues regarding dismissal of those reasserted claims.  Plaintiff has conceded that his state claims

---

[2]Although plaintiff does not indicate he ever received a "right to sue" letter from the EEOC, discrimination claims under § 1981 are not subject to the administrative exhaustion requirements of Title VII.  Williams v. CSX Transp. Co., Inc., 643 F.3d 502, 511 fn. 3 (6th Cir.  2011).

based on termination are preempted.  Hence, although the motion to dismiss is procedurally moot by virtue of the amended complaint, the defendant's arguments regarding the preempted claims are well-taken, and those claims are properly subject to dismissal.

V.  Conclusion

The FRA, 12 U.S.C. § 341, Fifth, preempts plaintiff's state law employment claims.  Plaintiff's motion to amend is futile with respect to those two reasserted state claims, but is not futile with respect to plaintiff's proposed third  claim under 42 U.S.C. § 1981. Hence, the Court will grant leave to file the proposed amended complaint and allow plaintiff to plead his § 1981 claim, but will dismiss the reasserted pre-empted state law claims.

In accordance with the foregoing, the plaintiff's "Motion to Amend Complaint" (doc. no. 9) is GRANTED; the Clerk is DIRECTED to file the amended complaint (doc. no. 9-1) attached to the motion;  Counts One and Two of the Amended Complaint are DISMISSED pursuant to Rule 12(b)(6) as pre-empted; defendant's "Motion to Dismiss" (doc. no. 4) is DENIED as MOOT; and the Clerk of Court is directed to issue a Preliminary Pretrial Order in this case.

IT IS SO ORDERED.

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court